JOSEPH DUBE *vs.* CITY of LEWISTON.

Androscoggin.    Opinion March 17, 1891.

*Negligence.    Master and Servant.    Fellow-Servant.    Law and Fact.*

A laborer, engaged in the service of a city under the direction of a foreman, can not recover against the city for personal injuries resulting from the negligence of the foreman, who is his fellow-servant, in the absence of evidence that the foreman was incompetent, or that the city was negligent in employing him or in providing suitable apparatus for the work in which they were employed.

The foreman, superintendent or overseer of a job of work, is not on that account to be regarded as other than a fellow-laborer.

Whether an employe occupies the position of a fellow-servant to another employe depends upon whether the person, whose status is in question, is charged with the performance of a duty which properly belongs to the master.

What he is employed to do is a question of fact; in what capacity an employe acts is an inference of law. Where the facts are not disputed the question is one of pure law.

ON MOTION AND EXCEPTIONS.

This was an action on the case to recover damages for injuries received by the plaintiff, on the 27th day of July, 1888, while employed with others in excavating a trench for a sewer on Ash Street, in the city of Lewiston.

(Declaration.)

"In a plea of the case; for that the said defendant municipal corporation, on the 27th day of July, in the year of our Lord one thousand eight hundred and eighty-eight, at said Lewiston, and for a long time prior thereto, had, through its street commissioners and other servants, made and constructed divers sewers and drains, and, on the day and year aforesaid, at Lewiston, aforesaid, in a street called "Ash Street," nearly opposite where the fire engine house stands, was constructing a sewer for the use and private gain of said defendant, the City of Lewiston, and having a pit dug for the same, and was then and there bound and obliged by law to suitably construct said pit, and keep the same in a safe manner, so that defendants' servants, having been before that time directed to dig and work in and about the said pit, could then and there do so, without danger of their lives. And the plaintiff avers that on the said 27th day of July, aforesaid, he was employed by said defendant corporation, in and about said pit; and that his business and employment was to dig out and remove the earth from the bottom of said pit, which was, at that time, constructed to a great depth, to wit, the depth of nine and one half feet, and of a width of four feet; that the place where said pit was dug was in land that had been changed from its original structure, to wit, that it was "made" land, and that the defendant corporation provided no means of preventing the sides of said pit from

caving in. The plaintiff further avers that said pit and trench was unfit and unsafe for the work which the plaintiff was then and there directed, by the servants and agents of said city, to do in and upon, and in connection therewith; that the same should have been boarded up, or its sides, in some way, supported to prevent accidents, and the fall of the same, and the caving in thereof; that the formation of the ground where said pit was dug was insufficient in strength to sustain its own weight,—all of which was without the knowledge of the said plaintiff before the injury, hereinafter set forth, was received by him. But the defendants' agents and servants in charge of said work knew the aforesaid conditions and had their attention called to them. The plaintiff further avers that he was directed by said defendant corporation and its agents to go into said pit and remove the earth therein, and that no notice was given to him of its unsafe condition; and that he was not instructed or informed that the same was unsafe, but on the contrary, was informed by said defendant corporation, through its servants and agents, acting in its place, that the same was safe and sufficient, and that no harm could come to him from the use of the same. The plaintiff further avers that on the said 27th day of July, aforesaid, about half-past two o'clock in the afternoon, he was employed in and about said pit, removing the earth from the same, and while, in the exercise and use of due care, and without fault in the premises,—unsafe, through the defective condition of said pit, and the quality of the land out of which the same was dug, and the sides of the same not being supported and prevented from caving in,—the earth suddenly caved in, and he was caught and covered up with earth from the sides of said pit, over the whole of his body and over his head; and that he remained there until he was shoveled out by persons who came to his assistance, and laborers, employed upon said work with him; and that by reason of the caving in of said earth upon him, he sustained severe external and internal injuries; his body and bowels were crushed, and his system was shocked, and his general health injured and impaired, and he received such injuries to his person that he has been for a long time confined to his bed, in

consequence, and has lost the use of his limbs, suffered great pain and inconvenience, been put to great expense for nursing, and has become a cripple for life, and can never recover from his said injuries ; by reason whereof he has lost his employment and means of livelihood, and suffered great anguish of mind and body, not having been able to do an hour's work from thence hitherto, and is informed that he will never be able to labor, in any capacity, again—all of which was caused by the negligence of said defendants in the premises, without fault on the part of said plaintiff, as he says, to the damage of twenty thousand dollars." Plea, general issue.

The jury rendered a verdict of four thousand and thirty-three dollars, for the plaintiff. Defendants' counsel requested the presiding judge to give the following, among other instructions, to the jury : "There is no evidence in the case for the jury to consider that Edmund Cloutier, (the foreman in charge of the work,) was anything more than a fellow-servant with the plaintiff in the work in which they were engaged at the time and place of the accident." The presiding justice declined to do so, and the defendants excepted.

The defendants, among other defenses, contended that the city did not authorize, adopt or ratify the construction of the sewer. The view taken by the court renders a report upon this branch of the case unnecessary. The facts are sufficiently stated in the opinion.

*Newell and Judkins,* for defendants.

Counsel argued in support of the exception, and the following issues upon the evidence : The street commissioner neither had charge nor supervision of the work ; defendants furnished suitable materials for the work ; Cloutier was foreman ; was not negligent ; and was a fellow-servant with the plaintiff, &c.

Competency of the servants employed not in issue by the pleadings. They are presumed to be reasonably competent. *Lawler* v. *Andro. R. R.* 62 Maine, 463 ; *Blake* v. *R. R.* 70 *Id.* p. 64. Master's duty to use reasonable care, to furnish suitable materials and appliances ; *Coombs* v. *New Bedford Cordage Co.* 102 Mass. p. 584 ; *Zeigler* v. *Day*, 123 *Id.* 152 ; *Floyd*

*v. Sugden,* 134 *Id.* p. 566; *Colton* v. *Richards,* 123 *Id.* 484; *Kelley* v. *Norcross,* 121 *Id.* 508; *Daley* v. *R. R.* 147 *Id.* 104; *Beaulieu* v. *Portland Co.* 48 Maine, p. 295; *Clark* v. *Soule,* 137 Mass. 386; *Farwell* v. *R. R.* 4 Met. p. 60; *Holden* v. *R. R.* 129 Mass. 268; *Johnson* v. *Tow-Boat Co.* 135 *Id.* p. 113. Fellow-Servants: *Doughty* v. *Pen. L. D. Co.* 76 Maine, 143; *Farwell* v. *R. R.* 4 Met. 49; *McAndrew* v. *Burn,* 39 N. J. 115; *Beaulieu* v. *Portland Co.* 48 Maine, 295; *Holden* v. *R. R.* 129 Mass. 268; *Albro* v. *Agawam Canal Co.* 6 Cush. 75; *Zeigler* v. *Day,* 123 Mass. 152; *Walker* v. *R. R.* 128 *Id.* 8; *Conley* v. *Portland,* 78 Maine, 218; *O'Connor* v. *Roberts,* 120 Mass. p. 228; *McDermott* v. *Boston,* 133 Mass. 349; *Flynn* v. *Salem,* 134 *Id.* 351; 2 Thomp. Trials, p. 1239, § 1694, and cases in note 1, p. 1694. Master not liable for negligence of fellow-servant. *Farwell* v. *R. R.* 4 Met. 49; *Lawler* v. *Andro. R. R.* 62 Maine, 463; *Conley* v. *Portland,* 78 *Id.* 217. City received no profit or gain from the sewer. *Hill* v. *Boston,* 122 Mass. 344. Damages excessive. Verdict at simple interest would give an annuity larger than plaintiff could earn, and leave the principal to his heirs. The law does not contemplate such compensation.

*George C. Wing,* for plaintiff.

City was to derive revenue from the sewer by entrance fees. *Deane* v. *Randolph,* 132 Mass. 475; *Oliver* v. *Worcester,* 102 *Id.* 489; *Emery* v. *Lowell,* 104 *Id.* 15; *Darling* v. *Bangor,* 68 Maine, 108; *Bulger* v. *Eden,* 82 *Id.* 352. Fellow-Servant: Shear. & Redf. Neg. p. 102; *Mayhew* v. *Sullivan M. Co.* 76 Maine, 100; *Doughty* v. *Pen. L. D. Co. Id.* 143 and cases cited; Thomp. Neg. § 1021; *Shanny* v. *Andro. Mills,* 66 Maine, 420; *Wheeler* v. *Mason,* 136 Mass. 294, and cases cited; *Smith* v. *Penin. Car Works,* 1 Am. State Rep. p. 542 and note; *Wormell* v. *R. R.* 79 Maine, 397.

WHITEHOUSE, J. The plaintiff was engaged with Edward Cloutier and five other laborers in digging a trench for a pipe sewer about one hundred feet in length, on Ash Street, in Lewiston. No shoring was employed to support the sides of

the trench, and when the excavation had reached a depth of eight or nine feet one side caved in and a large quantity of earth fell upon the plaintiff, and injured him. In this action against the city to recover damages the jury found in favor of the plaintiff.

The construction of sewers authorized by the city council was under the general supervision of the street commissioner, but the crew in which the plaintiff was at work, at the time of the injury, was under the immediate direction of Edward Cloutier, who was foreman in charge of that particular job, the street commissioner incidentally inspecting the work from time to time as it progressed. In the city tool-house, thirty rods distant, was deposited a quantity of lumber designed to be used for shoring in the construction of sewers, and suitable and available for that purpose. Cloutier had full knowledge of this. He had been directed by the street commissioner to pile the lumber there to be used for that purpose when required.

At the time of the accident, the street commissioner was personally engaged in the work of paving in another part of the city, and the operations on Ash Street were entrusted to Cloutier. The commissioner had no special knowledge of the character of the road bed, or the nature of the soil at that point. Nothing had been disclosed, before the commencement of the work, indicating a necessity for any mechanical contrivance to protect the workmen against falling earth. The location and erection of any such structures necessarily devolved upon the workmen, acting under the direction of their foreman, as the digging progressed. The duty of determining when the exigency of the situation required such protection had not been assumed by the street commissioner. He did not undertake to give this piece of work his immediate supervision, and did not have the personal knowledge of its character required to form a correct judgment upon that question. The prosecution of this kind of work was not fraught with any peculiar perils not well understood by the plaintiff and Cloutier. If there were exceptionally dangerous conditions attaching to the soil on Ash Street they were open to the observation and knowledge of experienced workmen, or

ascertainable by the exercise of reasonable care and attention on their part. The commissioner discharged his duty when he assigned to the work an experienced and competent foreman, and furnished him with suitable and sufficient materials for any appliances necessary for the safe conduct of the work. The use and application of the materials formed a part of the duty of the workmen. *Kelley* v. *Norcross*, 121 Mass. 508; *Zeigler* v. *Day*, 123 Mass. 152; *Floyd* v. *Sugden*, 134 *Id.* 563; *Clark* v. *Soule*, 137 *Id.* 380; *McDermott* v. *Boston*, 133 *Id.* 349.

The evidence discloses no omission of duty on the part of the street commissioner which would render the city liable in this action. And if Cloutier's failure to place shoring against the side of the trench where the earth fell can be deemed negligence, it was clearly the negligence of a fellow-servant. The plaintiff and Cloutier were employed by the same master, received their compensation from the same common source, and were subject to the same control. They were not only engaged in the same general business and common employment, but were employed in the same kind of work and laboring on the same section. They were occupied in service of such a kind that each could reasonably be expected to foresee that he would be exposed to the risk of injury in case of negligence on the part of the other. Neither was Cloutier required to perform any duty which legally belonged to the province of the master. "The true test, it is believed, whether an employe occupies the position of a fellow-servant to another employe, or is the representative of the master, is to be found, not from the grade or rank of the offending or of the injured servant, but is to be determined by the character of the act being performed by the offending servant, by which another employe is injured; or in other words, whether the person whose status is in question is charged with the performance of a duty which properly belongs to the master." McKinney on Fellow-Servants, pages 53, 23. See also Thompson on Negligence, § § 1026-1031. Beach on Contrib. Neg. page 338. Shearman and Redfield on Negligence, 109. Deering on Negligence, § 204. Cooley on Torts, page 541, note 1.

The recent decisions in our own state are in accord with these principles. *Doughty* v. *Penob. Log D. Co.* 76 Maine, 143 ; *Cassidy* v. *M. C. R. R. Co. Id.* 488 ; *Conley* v. *Portland*, 78 Maine, 217 ; *Nason* v. *West, Id.* 253.

In *Doughty* v. *Penob. Log D. Co.*, the court say : "The general rule that a master is not liable for an injury caused to a servant by the carelessness of a fellow-servant, in the same common employment, unless the master is negligent in some matter he expressly or impliedly contracts with the servant to do, is the well-settled law of this state." In *Conley* v. *Portland, supra*, a case directly in point, the court say : "It is settled law in this state, that an employer is not responsible to an employe for an injury received through the carelessness of a fellow-laborer ; and it is equally well settled that the foreman, superintendent or overseer of a job of work, is not on that account to be regarded as other than a fellow-laborer with those who are at work under him. Such an employment does not elevate him to the dignity of a vice-principal." See also Wood's Master and Servant, § 437.

In the case at bar, there was no controversy in relation to the service which Cloutier rendered and was directed to render. "What he was employed to do was a question of fact; the capacity in which he acted was an inference of law. As the facts were not disputed the question submitted to the jury was one of pure law." *Johnson* v. *Boston Toll-Bridge Co.* 135 Mass. 209. 2 Thompson on Trials, page 1239, § 1699.

The jury should have been instructed, in accordance with the request of the defendant, that there was no evidence to show that Cloutier was anything more than a fellow-servant with the plaintiff; and even if the injury occurred through his negligence, the city was not liable.

*Motion and exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.