## LOUISVILLE & N. R. CO. v. JOHNSON.

(Circuit Court of Appeals, Seventh Circuit. July 1, 1897.)

### No. 366.

1. MASTER AND SERVANT—UNSAFE PREMISES—INSTRUCTIONS.

In an action by a railway brakeman for injuries suffered in uncoupling cars through an alleged defect in the track, an instruction that defendant "undertook to furnish plaintiff a reasonably safe place to work" is erroneous; defendant's true obligation being to exercise ordinary and reasonable care, having regard to the hazards of the service, to furnish a reasonably safe place to work and to keep it in reasonably safe repair.

2. TRIAL—CORRECTING ERRONEOUS INSTRUCTIONS.

When it is proposed by a further instruction to correct an erroneous charge, the purpose should be stated, and the explanation made so clear as to leave no room for reasonable mistake.

3. NEGLIGENCE—PROXIMATE CAUSE—QUESTION FOR JURY.

When negligence, if established as alleged or asserted, clearly contributed to the injury, it should not be left to the jury to say whether that negligence was the proximate cause of the injury.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

J. M. Hamill, for plaintiff in error.

Ross Graham and G. V. Menzies, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The appellee, Frank Johnson, recovered judgment against the appellant, the Louisville & Nashville Railroad Company, for an injury to his left foot, suffered while uncoupling cars in a moving freight train at the crossing of the railroad track and Third street, in Carmi, Ill. The crossing was made of boards laid lengthwise between the rails of the track, and appellee's foot was caught in the space or crevice between one of the rails and the adjacent board, and was held there until run upon by the wheels of the forward truck of the car behind him, which was moving slowly, and came to a stop, it was testified, "within eight feet." The negligence charged against the appellant consisted in the undue width of the crevice in which the foot was caught. On the other hand, it was contended that the railroad company was free from fault, and that the appellee was guilty of negligence contributory to the injury, because, in violation of a known rule of the company, he placed his foot between the rails when the cars to be uncoupled were in motion. The evidence shows, and it seems to be agreed, that a space of 2½ inches between the rails of a track and adjacent boards of a street crossing is necessary to give room for the flanges of passing car wheels, and the evidence tends to show that by reason of wear or other cause, perhaps defective construction, the width of the place where the appellee's foot was caught was 3 or 3½ inches. Error is assigned upon the admission of evidence, and upon the giving and refusing of instructions.

In respect to the duty of the railroad company the court erroneously instructed that the company "undertook to furnish the plaintiff a reasonably safe place to work," and to maintain the same. The instruction in full appears in the margin.[1] The rule is well settled, and as early as 1894, in Railroad Co. v. Meyers, 24 U. S. App. 295, 11 C. C. A. 439, and 63 Fed. 793, had been declared by this court, that "the master's duty requires him to exercise ordinary and reasonable care, having regard to the hazards of the service, to furnish his servants with reasonably safe appliances, machinery, tools, and working places, and also to exercise ordinary and reasonable care at all times to keep them in a reasonably safe condition of repair." See, also, same case

[1] "By this contract or arrangement, however, the railroad company, on the other side, undertook to furnish the plaintiff a reasonably safe place to work where he could carry on the business for which he was employed, braking, with reasonable safety. The company did not become an insurer that the plaintiff would not be injured at any of the places where he was called upon to work, but it did say to him in effect, and that was its undertaking, that a reasonably safe place would be furnished to do his work. But if, while exercising reasonable care, his injury was brought about by the failure of the company to provide a reasonably safe place for him to do his work, the company is liable. That is the very crucial question for you to decide in this case."

on second appeal, 46 U. S. App. 226, 22 C. C. A. 268, and 76 Fed. 443. In this case the question whether the railroad company was chargeable with negligence was, to say the least, close, depending upon the inquiry whether the space between the rail and board had become, or perhaps was by construction, of such unnecessary width, as not to be reasonably safe, and whether the fact was so manifest and so long continued that in the exercise of due care the company ought to have discovered the defect in time to remove it. The error is emphasized by the terms in which the instruction concludes: "If, while exercising reasonable care, his injury was brought about by the failure of the company to provide a reasonably safe place for him to do his work, the company is liable. That is the very crucial question for you to decide in this case." It was, therefore, the more important that an accurate definition and explanation of the company's duty should have been given to the jury. The error was not corrected by other portions of the charge, which, though implying the true rule, were not sufficient to prevent misunderstanding on the part of the jury. For instance, the jury were told that if they found that the defendant failed or neglected to keep its track at the place of the injury in a reasonably safe condition, and such condition was known to the defendant, or by the exercise of reasonable diligence could have been known to the defendant, etc., they should find the defendant guilty. In so far as this indicates that the defendant was bound only to ordinary diligence to discover defects caused by use it is perhaps sufficiently accurate; but the repeated and erroneous statement of the primary duty—to provide a safe working place—was left unmodified and unexplained. When it is proposed by a further instruction to correct an erroneous charge, the purpose should be stated, and the explanation made so clear as to leave no room for reasonable mistake.

Another trial being necessary, we assume that other questions, in so far as they are doubtful, will, to the extent practicable, be eliminated, and therefore do not deem it necessary to consider them now, further than to observe that the question of proximate cause does not seem to arise in the case, and should not have been left to the jury. The two questions in the case are simple. They are of negligence on the part of the railroad company and of contributory negligence on the part of the appellee. If the railroad company was negligent, it was because of its responsibility for the hole or crevice in which appellee's foot was caught. The hole caused the injury, and, if it was dangerously large because of the company's negligence, the company's liability is clear, unless avoided by the contributory negligence of the appellee. The appellee's negligence, if he was negligent at all, consisted in stepping across the rail. If he had kept his foot outside the rail, as warned to do by the rule of the company, it would not have been caught. If, therefore, he was guilty of negligence in stepping between the rails, that negligence, it is beyond dispute, contributed directly to the injury, and he is entitled to no relief against the company. Whether either party was guilty of negligence in the particular stated was a question for the jury upon all the pertinent evidence, and so the case should have been explained and submitted. When negligence, if established as alleged or asserted, clearly contributed

directly to the injury, it should not be left to the jury to say whether that negligence was a proximate cause of the injury.

The judgment below is reversed, and the cause remanded, with instruction to grant a new trial.