## MAST v. KERN.

[54 Pac. 950.]

WHO ARE FELLOW SERVANTS.—The character of the act in the performance of which the injury arises, and not the grade or rank of the negligent employee, is the test whether an negligent employee is the vice-principal or fellow servant of an injured employee.

MASTER AND SERVANT—INJURY TO EMPLOYEE.—The negligence of the superintendent and manager of a quarry, having power to hire and discharge employees, in directing workmen with whom he is engaged in blasting to put powder into a hole, without waiting a sufficient time for the hole to cool after giant powder had been exploded therein, for the purpose of drying it, is that of a fellow-servant, and not of a vice-principal.

From Coos: J. C. FULLERTON, Judge.

Action by W. L. Mast against Daniel Kern. This action is brought to recover damages for an injury alleged to have been sustained through defendant's negligence. At the time of the accident which caused his injury, the plaintiff was, and for some months prior thereto had been, working for the defendant in a stone quarry at Coos Bay, engaged with other employees in excavating and removing rock by blasting, under the direction and supervision of one West, who was the superintendent and manager, with power to hire and

discharge employees. On the day of the accident the plaintiff and a fellow workman had drilled a hole in the rock, preparatory to putting in a blast; but, before loading it, the superintendent dropped in the hole two or three sticks of giant powder, which he caused to be exploded for the purpose of drying it out. After waiting a few minutes for any fire which the powder might leave in the hole to expire, West inquired of plaintiff whether he thought it was ready to load, and the plaintiff replied, "I don't know whether it is or not." West then said, "I guess it is all right; we will try it," and poured some powder into the hole; and, as it did not take fire, he said he thought it was safe, and directed the plaintiff and his fellow workman to put in the black powder; and while they were engaged in doing so an explosion occurred, by which plaintiff received the injury for which he brings this action. The ground of recovery alleged in the complaint is that West was negligent in not waiting a sufficient length of time for the hole to cool after the giant powder had been exploded therein, and in not ascertaining whether there was any fire remaining in the hole before directing the plaintiff and his fellow workman to put the black powder in. The court below directed a nonsuit, and plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Watson, Beckman & Watson, D. L. Watson,* and *D. L. Watson Jr.,* with an oral argument by *Mr. Edward Byars Watson.*

For respondent there was a brief over the names of *J. W. Bennett,* and *Dolph, Mallory & Simon.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion.

The motion for nonsuit was, it is stated in the briefs, allowed on the ground that when the plaintiff, with full knowledge of the situation, without protest or objection, undertook to load the hole as directed by West, he knowingly and voluntarily assumed the risks of a premature explosion; and we are not prepared to say at this time that the court was in error in so ruling: *Brown* v. *Oregon Lumber Co.*, 24 Or. 315 (33 Pac. 557). But, however that may be, the judgment of nonsuit must be sustained for the reason that the negligence of West, if any, was, under the circumstances, the negligence of a co-servant, for which the defendant is not liable. It is familiar law that a servant assumes, as one of the incidents of his employment, all risks of injury from the negligence of a fellow servant, because the master cannot, by the exercise of the utmost care and caution, guard against such negligence. But the courts differ somewhat as to who is a fellow servant, within the meaning of this rule. There are practically two lines of decisions upon the question. On the one hand it is held, adopting the superior servant criterion, that when the master has given to an employee supervisory control and management of his business, or some particular department thereof, such person, while so acting, stands in the place of the master, as to those under his direction and supervision, and for his negligence the master is liable. This is known in the books as the "Ohio doctrine," and was adopted in effect by the Supreme Court of the United States in *Chicago, etc. Ry. Co.* v. *Ross*, 112 U. S. 377* (5 Sup. Ct. 184, 17 Am. & Eng. R. R. Cas. 514–519), but that case has been very much modified, if not in effect practically overruled, by the subsequent case of *Baltimore R. R. Co.* v. *Baugh*, 149 U.

*NOTE.—This case has now been distinctly overruled by the Supreme Court of the United States in a very comprehensive opinion: *New. Eng. R. R. Co.* v. *Conroy*, — U. S. — (20 Sup. Ct. 84).—REPORTER.

S. 368 (13 Sup. Ct. 914). Under this rule the liability of the master is made to depend upon the rank or grade of the person whose negligence caused the injury. On the other hand, the rule, and the one now unquestionably established and supported by the great weight of authority, both in this country and in England, is that the liability of the master depends upon the character of the act in the performance of which the injury arises, and not the grade or rank of the negligent employee. If the act is one pertaining to the duty the master owes to his servant, he is responsible for the manner of its performance, without regard to the rank of the servant or employee to whom it is entrusted; but, if it is one pertaining only to the duty of an operative, the employee performing it is a fellow servant with his co-laborers, whatever his rank, for whose negligence the master is not liable: McKinney, Fel. Ser. § 43 *et seq.;* Bailey, Mast. Liab. 226 *et seq.;* Wood, Mast. & S. § 438; 24 Am. Law Rev. 175; 25 Am. Law Reg. 481; *Crispin* v. *Babbitt,* 81 N. Y. 516 (37 Am. Rep. 521); *McCosker* v. *Long Island R. R. Co.,* 84 N. Y. 77; *Hussey* v. *Coger,* 112 N. Y. 614 (8 Am. St. Rep. 787, 3 L. R. A. 559, 20 N. E. 556); *Brown* v. *Winona R. R. Co.,* 27 Minn. 162 (38 Am. Rep. 285, 6 N. W. 484); *Ell* v. *Northern Pac. R. R. Co.,* 1 N. D. 336 (26 Am. St. Rep. 621, 12 L. R. A. 97, 48 N. W. 222); *Sayward* v. *Carlson,* 1 Wash. St. 29 (23 Pac. 830). Many other authorities could be cited to the same effect, but these are sufficient to show the irresistible current of the decisions, as well as the ground upon which the doctrine rests, and its application to given facts.

And so is the logical result of the former decisions of this court, as the liability of the master for an injury to a servant, caused by the negligence of another employee, has always been made to depend upon the character of

the act causing the injury, rather than the grade or rank of the offending employee: *Anderson* v. *Bennett*, 16 Or. 515 (8 Am. St. Rep. 311, 19 Pac. 765); *Hartvig* v. *Northern Pacific Lumber Co.*, 19 Or. 522 (25 Pac. 358); *Miller* v. *Southern Pacific Co.*, 20 Or. 285 (26 Pac. 70); *Carlson* v. *Oregon Short Line Ry. Co.*, 21 Or. 450 (28 Pac. 497); *Fisher* v. *Oregon Short Line Ry. Co.*, 22 Or. 533 (16 L. R. A. 519, 30 Pac. 425). It is the personal and absolute duty of the master to exercise reasonable care and caution to provide his servants with a reasonably safe place to work, reasonably safe tools, appliances, and instruments to work with, reasonably safe material to work upon, suitable and competent fellow servants to work with them, and to make needful rules and regulations for the safe conduct of the work; and he cannot delegate this duty to a servant of any grade so as to exempt himself from liability to a servant who has been injured by its nonperformance. Whoever he intrusts with its performance, whatever his grade or rank, stands in place of the master, and he is liable for the negligence of such employee to the same extent as if he had himself performed the act, or been guilty of the negligence. But when the master has performed his duty in this regard, and provided competent employees, a reasonably safe place to work, suitable materials, tools, and appliances to work with, and needful rules and regulations, and the like, he has discharged his whole duty in the premises, and is not liable to a servant for the negligence of another servant while engaged as an operative. It is true that from this doctrine results the conclusion that an employee may in certain cases occupy a dual position to his fellow workmen. He may be a vice-principal or the representative of the master as to all matters where he is intrusted with the discharge of duties which the master himself is required to perform,

and a co-servant in the discharge of duties not personal to the master. But this conclusion is a logical one, and has been recognized and applied under many varieties of facts. See McKinney, Fel. Serv. note to section 42.

The true test in all cases by which it may be determined whether the negligent act causing the injury is chargeable to the master, or is the act of a co-servant, is, was the offending employee in the performance of the master's duty, or charged therewith, in reference to the particular act causing the injury? If he was, his negligence is that of the master, and the liability follows; if not, he was a mere co-servant, engaged in a common employment with the injured servant, without reference to his grade or rank, or his right to employ or discharge men, or to his control over them. In short, the master is liable for the negligence of an employee who represents him in the discharge of his personal duties towards his servants. Beyond this he is liable only for his own personal negligence. "This," as said by Judge Dillon, "is a plain, sound, safe, and practical line of distinction. We know where to find it, and how to define it. It begins and ends with the personal duties of the master. Any attempt to refine based upon the notion of 'grades' in the service, or, what is much the same thing, distinct 'departments' in the service (which departments frequently exist only in the imagination of the judges, and not in fact), will only breed the confusion of the Ohio and Kentucky experiments, whose courts have constructed a labyrinth in which the judges who made it seem to be able to 'find no end in wandering mazes lost:'" 24 Am. Law Rev. 189. Now, under this rule it is clear that defendant is not liable for the act of West in directing the plaintiff to load the hole, even if it was neglect; for he was not then engaged in the discharge of any duty which the master owed to the plaintiff, but

was a fellow servant, the risk of whose negligence was assumed by the plaintiff when he entered upon the employment. There is no pretense that West was not a fit and competent person to have charge of the work, or that the master was negligent in employing him, but the sole ground of liability alleged is the negligence of West in a matter not pertaining to any duty the defendant owed to the plaintiff. It follows from these views that the judgment of the court below must be affirmed, and it is so ordered.

Affirmed.