## HENRY E. HATT vs. MOSES E. NAY.

Suffolk.   Jan. 12. — March 17, 1887.   HOLMES & GARDNER, JJ., absent.

In an action for personal injuries occasioned to the plaintiff while in the defendant's employ, through the alleged negligence of the defendant's foreman, evidence of specific acts of carelessness on the part of the foreman, while engaged on the same job, and before the accident to the plaintiff happened, is inadmissible.

If a person, knowing that the foreman under whom he is working is incompetent, continues to work under him, making no complaint to their employer, and not calling his attention to the fact of such incompetency, and is injured by the carelessness of the foreman, he cannot maintain an action against the employer therefor.

TORT for personal injuries occasioned to the plaintiff while at work with a pile-driver in the defendant's employ. At the trial in the Superior Court, before *Thompson*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*D. F. Kimball*, for the plaintiff.

*R. Lund & C. H. Welch*, for the defendant.

DEVENS, J.   The plaintiff, while in the defendant's employ, was injured through the alleged negligence of the defendant's foreman.   He was permitted to put in evidence that the foreman's reputation for competency was bad.   As the defendant was bound to use due care, both in procuring and retaining a suitable person as the foreman in his employ, this evidence was properly admissible.   The plaintiff desired further to put in testimony as to certain specific acts of carelessness on the part of the foreman, while engaged on the same job, and before the accident happened.   This was properly excluded.   Because a servant may have been guilty of negligence on certain specified occasions, it by no means follows that he was on the occasion in

question, or that he might not ordinarily be a careful and skilful workman, and properly employed as such. The investigation of other individual acts of alleged carelessness on the foreman's part would necessarily have a tendency to confuse the case by collateral inquiries, to protract it indefinitely if those inquiries were carefully made, and to mislead and distract a court or jury from the true issue. *Robinson* v. *Fitchburg & Worcester Railroad*, 7 Gray, 92. *Maguire* v. *Middlesex Railroad*, 115 Mass. 239.

The ruling that, if the plaintiff knew that the foreman was a careless and improper man, unskilful, habitually careless and negligent, and failed to notify the defendant of these facts, but continued in the service, he could not recover for an injury resulting from such carelessness, as he understood fully the hazards of the business, and assumed this extra risk and hazard, was correct. Even if this ruling was not requested by the defendant, it was appropriate to the matter in issue. A judge, in giving those instructions which he deems adapted to a proper decision, is not limited by the requests made to him. It is a familiar principle, that, if a servant capable of contracting for himself, and with full notice of the risk he may run, undertakes a hazardous employment, or to put himself in a hazardous position, or to work with defective tools or appliances, no liability is incurred by the master for injuries received from these hazards. *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572, 585. *Sullivan* v. *India Manuf. Co.* 113 Mass. 396. *Ladd* v. *New Bedford Railroad*, 119 Mass. 412. *Osborne* v. *Morgan*, 130 Mass. 102. *Leary* v. *Boston & Albany Railroad*, 139 Mass. 580. *Taylor* v. *Carew Manuf. Co.* 140 Mass. 150. *Linch* v. *Sagamore Manuf. Co.* 143 Mass. 206.

In a similar way, if a workman knows that the foreman under whom he is working is incompetent, but continues to work under him, making no complaint to the master, and not calling his attention to it, he must be held to have assumed the risk and hazard arising therefrom. *Davis* v. *Detroit & Milwaukee Railroad*, 20 Mich. 105. *Exceptions overruled.*