(March 11, 1889.)

## DRAKE v. UNION PACIFIC RAILWAY COMPANY.

[21 Pac. 560.]

MASTER AND SERVANT—RULE OF DAMAGES.—Where a fireman upon a locomotive engine in discharge of his duty, with full knowledge of the nature and extent of the dangers of the service he is engaged in, or has the means of being informed of such facts and conditions by the exercise of ordinary care, ·voluntarily assumes such risks, and is thereby injured, and the employees are guilty of no laches or misconduct unknown to the servant, or which with ordinary care he might have known, he cannot recover for such injury.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

P. L. Williams and W. H. Savidge, for Appellant.

An instruction is vicious which ignores a qualification which the evidence tends to prove. (*Railway Co. v. Rector*, 9 Am. & Eng. R. R. Cas. 265, 269.) A railway company is not held to be an insurer of the safety of its employees, even as to the agencies within its control; *a fortiori,* it ought not to be held to this rule as to agencies without its control. (*Railway Co. v. Fowler,* 8 Am. & Eng. R. R. Cas. 504, 509; Pierce on Railroads, 379, cases cited; *Gibson v. Railway Co.,* 63 N. Y. 449, 20 Am. Rep. 5521; *De Forest v. Jewett,* 88 N. Y. 264; Wood on Master and Servant, sec. 382; *Railway Co. v. Bresmer,* 4 Am. & Eng. R. R. Cas. 647, 650.)

Smith & Smith and R. D. Winters, for Respondent.

Under the evidence, as introduced, it was the duty of the court to submit the question of defendant's negligence to the jury. (*Jones v. Railway Co.,* 128 U. S. 443, 9 Sup. Ct. Rep. 118; *Kane v. Railway Co.,* 128 U. S. 91, 9 Sup. Ct. Rep. 16; *Hough v. Railway Co.,* 100 U. S. 224; *District of Columbia v. McElligott,* 117 U. S. 621, 6 Sup. Ct. Rep. 884.) The defendant was bound to keep its track in safe condition, and to use all reasonable means to keep obstructions off the track, and to discover any that may by chance get thereon, and remove them.

(*Wilson v. Railway Co.*, 15 Am. & Eng. R. R. Cas. 192; *Illinois Cent. Ry. Co. v. Welch*, 52 Ill. 183, 4 Am. Rep. 593; *Railway Co. v. Gregory*, 58 Ill. 272; *Chicago etc. Ry. Co. v. Russell*, 91 Ill. 298, 33 Am. Rep. 54; *Fifield v. Railway Co.*, 42 N. H. 225; *Dorsey v. Construction Co.*, 42 Wis. 583.) This action was maintainable, and was properly brought in Idaho for a liability arising under the statute of Wyoming. (*Dennick v. Railroad Co.*, 103 U. S. 11.)

BERRY, J.—This is an appeal from the district court of the third judicial district, Bear Lake county, tried by a jury at the July term, 1888, Honorable Case Broderick, district judge, presiding. The action is brought by the plaintiff as administrator of one Fred. S. Drake, deceased, who was killed in an accident on the Oregon Short Line Railway, one of the lines of the defendant, at a point near Ham's Fork, in Wyoming territory, January, 28, 1887. The complaint alleges that the deceased was employed by the defendant at the time as a fireman on one of its locomotive engines; that at the place of the accident "the track of the said road was out of repair, and unfitted for the passage of trains, by reason of ice and snow, which the defendant had negligently permitted to remain on the track"; that the defendant, with knowledge, etc., willfully and carelessly ran its train and engine over said track, whereby the deceased, without fault on his part, was killed; that the deceased was ignorant of the condition of said track, or that it was out of repair, or unfit for use. The plaintiff demands judgment as administrator, and pleads the statute of Wyoming territory, where the accident occurred, as allowing recovery by an administrator. The answer of the defendant puts in issue each allegation of the complaint. On the trial, when the evidence on the part of the plaintiff was closed, and the plaintiff had rested his case, the defendant moved for a judgment of nonsuit, under section 4354 of the Statutes of Idaho, subdivision 5, on the ground that the plaintiff had failed to prove a sufficient case for the jury. The motion was denied, and the defendant excepted.

Certain requests were made by the defendant to the court to charge the jury (which requests will hereafter be referred to

more at length), each of which was refused by the court, and to which refusal the defendant duly excepted. The court delivered its charge to the jury, which was also excepted to by the defendant, as will more fully appear, and the jury found a verdict for the plaintiff in the sum of $3,000. A bill of exceptions and a case were duly settled and allowed, and upon which a motion was made for a new trial, which motion was denied, and judgment on said verdict was entered for plaintiff; and the defendant appeals from such order of refusal and from the judgment to this court.

The first point of the appellant is that the court erred in refusing judgment of nonsuit. That motion was based upon the want of evidence, and the ground is taken that the evidence did not show such a state of facts that the jury could find the defendant liable. It is stipulated that the case before us contains all the evidence. A review of this point involves an examination of the facts of the case. There is little or no conflict between the witnesses on any material point. Stated as strongly for the plaintiff as the evidence will warrant, they are about as follows: The deceased is alleged in the complaint to have been at the time of the accident in the employ of the defendant as fireman on one of its locomotive engines; and the evidence shows that this employment was on and over this division of the road, on its regular trains, and that he had been so employed for some years; that he ran between Montpelier, in Idaho, and Granger or Green River, in Wyoming territory, with his headquarters at Montpelier, and on each trip passed over the place of the accident; that the train on which he was regularly employed and running was stopped, either the day of the accident or the preceding day, while going east, in consequence of the snow on the track, and difficulty of running, in consequence of the drifted condition of the roads, at a station called Fossil, about ten miles west of the place of the accident; that other trains, from both directions, had stopped there, and the running of regular trains had been practically suspended, since early in the morning of the accident; that at 12:15 P. M. of that day a special train was made up of passenger cars, to be drawn by two engines, the train so made up being what is known as a "double-header," to be sent from Fossil east over

this line, both to forward the train, and also thereby open and clear the track of the drifted snow; that the second engine was the one on which the deceased was accustomed to run, but on which, on that occasion, another engineer than the usual one was placed; it was a special provision, for a special duty, made necessary by the drifted snow; that no snow-plow was sent ahead of this train, but that this "double-header," as admitted on the argument, and in the respondent's brief, was sent out to "buck the snow." It is also shown that the officers of the company, and the trainmen at Fossil, had knowledge of the storm of wind and snow that had commenced about three days previous to the 28th of January. From the circumstances, in the absence of proof, they are presumed to have known it; and of the presence of drifts upon the line; and of the difficulty of running in consequence; and of the delayed and deranged conditions of the trains; but not that this place of the accident was in any way specially dangerous, above other places in its vicinity; and it was not shown that the track at this point was in any way defective; and also it was shown that the accident was on account of the engines running into a drift at that point, at a speed of about twenty-five miles an hour. It was shown that the weather was unusually cold—some degrees below zero—and had been cold for a day or two previous to the wreck; that the presence of a drift at the place of the accident was on account of the wind blowing from an unusual quarter; that the altitude was about seven thousand feet; the country extremely hilly and rough; that service in "bucking snow-drifts," whether by snow-plow or otherwise, is considered by railroad men as extrahazardous. There was other evidence, but not to materially affect either of these facts. Had this action been for injury to a passenger, instead of to an employee, much of this evidence would have had no bearing, except upon the question of knowledge on the part of the defendant; but being by the representative of an employee, and under the circumstances shown, it involves, or tends to show, the knowledge, or means of knowledge, of the deceased, of the causes of the accident, and the quality and degree of risks which the deceased voluntarily assumed, and for which the defendant might not be liable.

It is not claimed that there was any promise to indemnify the deceased, or to do anything to insure safety; nor that the deceased made any request or protest; or that the company had any knowledge, which the deceased did not have, or might not have had, if he had desired.   Under such evidence, it is difficult to see how the company could have been found liable in damages for the death of the deceased.   It is by no means clear that the motion for nonsuit should not have been granted.   We think it should have been allowed.   But, if this were not so, the law as to the risk assumed by the employee should have been given to the jury, and the distinction in the obligation of the defendant, in cases of a mere passenger and of an employee, engaged in this service, under the circumstances of this case, and as to his knowledge, or want of knowledge, of the facts constituting this danger, and as to his assent, or his want of assent, to the assumption of the danger, should have been stated.

The judge charged, at the plaintiff's request: "1. That if the jury find from the evidence that the said railway track was obstructed with ice and snow; that this caused the wreck of the train on which Fred. S. Drake was riding; that in such wreck he was killed without fault on his part; that the defendant's roadmaster or superintendent, or both of them, had notice of said obstructions in time to remove the same, or in time to have prevented the said train from running into or upon such obstructions, by the use of ordinary diligence, under all of the circumstances of the case—then your verdict should be for the plaintiff; 2. In this case it is admitted that Fred. S. Drake lost his life at the time and place alleged in the complaint; and the first question for your consideration is whether there was negligence on the part of the defendant company.   The defendant was bound to use ordinary care in keeping its track in a safe condition.   If it failed after notice to do it, in this instance, then it is liable; but if, under all the attendant circumstances, you are not satisfied from the evidence—that is, by a preponderance thereof—that the company was negligent, then it is not liable in this action, and you are the exclusive judges of the evidence and facts."   These charges are erroneous, both in what they contain, and in what they do not contain.   The case was not the case of a passenger riding upon a train, and the

jury should not have been induced to so consider it. The court adopted a wrong theory of the nature of the rights and obligations of the parties, respectively, and both charges are consistent with such wrong theory. How well soever it may have suited the case of an injury to a mere passenger, it was misleading when applied to this case; and, as we have before said, the learned judge should have given the law as to the liability of the defendant to its employee, under the circumstances of the case on trial. This the charge does not do, but, so far as it assumes to give a rule, it is erroneous.

The defendant further requested the court to charge "that if, in this case, the jury find from the evidence that, at and near the point of the wreck resulting in the death of Fred. S. Drake, and at the date of its occurrence, there had been recent storms and snowfalls in various places on the track of said railway, thereby increasing the risks and dangers to trainmen and others in going over said portion of said road, and the deceased had knowledge or the means of being informed of said conditions, by the exercise of ordinary diligence, and notwithstanding he continued in said employment until he received the said injury resulting in his death, in consequence of the said dangers, then the plaintiff cannot recover in this action." This request was refused, but, in our opinion, should have been given especially, as qualifying what was actually given, and its refusal as error. The rule as to risks assumed by an employee, and the liabilities of the employer, as to injury to the servant while on duty in such employment, is, in effect, stated in Pierce on Railroads, 379, that a servant who, before the injury, had knowledge of the special risks and dangers of the service, or who, having reasonable opportunities to inform himself, ought to have known the facts constituting such risks and dangers, by remaining in the company's service is presumed to have assumed the risk of such voluntary exposure of himself; and he cannot recover for an injury resulting therefrom; and his knowledge has the same effect, whether the employer was informed or was in fact ignorant of such danger; and the rule applies with special force when the danger is obvious to the senses, as in this case, and where the servant was voluntarily assuming the task of removing the very obstructions complained of. (2 Thompson on Negligence,

p. 1008, sec. 15; *Railway Co. v. Fowler,* 8 Am. & Eng. R. R. Cas. 504; *Gibson v. Railroad Co.,* 63 N. Y. 449, 20 Am. Rep. 552; *De Forest v. Jewett,* 88 N. Y. 264; Wood on Master and Servant, sec. 379.)   The judgment and order overruling motion for a new trial should be reversed, and a new trial granted. Judgment set aside, and new trial granted, costs to abide the event.