JEREMIAH CONNORS *vs.* FRANCIS F. MORTON & another.

Suffolk.     December 4, 1893. — January 4, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Evidence — Negligence — Master and Servant — Assumption of Risk.*

In an action for personal injuries occasioned to the plaintiff while in the defendant's employ, by falling down the well of an elevator operated by an engine in a building in process of erection by the defendant, evidence of previous specific acts of negligence on the part of the defendant's engineer, known to the defendant's superintendent, is inadmissible to show negligence of the defendant and of his superintendent in setting the plaintiff at work in a place known, or which ought to have been known, by them to be dangerous by reason of the probability of negligent conduct of the engineer.

In an action for personal injuries occasioned to the plaintiff while in the defendant's employ, by falling down the well of an elevator operated by an engine in a building in process of erection by the defendant, the judge instructed the jury, at the plaintiff's request, that if the defendant's superintendent set the plaintiff at work in a place known by the superintendent to be dangerous without warning him of the danger, that would constitute such negligence as would enable the plaintiff to recover, if he was in the exercise of due care; and added the qualification, "that, if the danger was an obvious one or one which the plaintiff knew and could see just as well as the men themselves, and it was not concealed, was not hidden, but was something that was incidental to this kind of work, and might naturally happen in working elevators, then it is a risk or hazard which he voluntarily assumed." *Held,* that the plaintiff had no ground of exception.

TORT, for personal injuries occasioned to the plaintiff, while in the defendants' employ, by falling down the well of an elevator, operated by an engine, in a building in process of erection by the defendants. At the trial in the Superior Court, before

*Richardson*, J., the jury returned a verdict for the defendants; and the plaintiff alleged exceptions, which appear in the opinion.

*E. J. Jenkins & W. B. Orcutt*, for the plaintiff.

*D. C. Linscott*, for the defendants.

KNOWLTON, J.   The first and principal exception before us is to the refusal of the presiding justice to allow the jury to consider evidence of previous specific acts of negligence on the part of the engineer, known to the defendants' superintendent, as bearing on the question whether the defendants were negligent in setting the plaintiff at work in an unsafe place, or in failing to warn him of the danger to which he was exposed in that place.

The plaintiff's counsel in their brief concede that the ruling was correct as applied to the first count of the amended declaration, which seeks to charge the defendants for negligence in employing an incompetent person to act as engineer, but they contend that the evidence should have been received under the counts which allege negligence of the defendants and of their superintendent in directing the plaintiff to work in a place known, or which ought to have been known, by them to be dangerous.   The grounds of objection to the evidence are the same under these counts as under the other.   The argument for the plaintiff is, that the defendants ought to have known the place to be dangerous because they knew, or ought to have known, that the engineer was an incompetent and negligent person, who would not be likely to manage the engine properly; and he asked to be permitted to show the jury that the engineer was a negligent or incompetent person, by proving that he had been guilty of specific acts of negligence.   It has often been held that proof of prior acts of negligence is not evidence that the act in question was negligent, any more than proof of prior acts of care in regard to similar matters is evidence that the act in question was done carefully.   If such evidence were to be received, it might be necessary to investigate the conduct of the actor in every act of his life, and to draw inferences from acts similar and dissimilar showing every degree of care or negligence.

It is equally well settled in this Commonwealth, although there is some conflict of authority in other States, that one's character or reputation as a careful or careless man, either gen-

erally or in any department of business, cannot be shown by introducing evidence of particular acts, and by trying the question whether these acts were severally careless or done with due care. To do this would introduce a multiplicity of issues of which the parties ordinarily could not have previous notice, and which it would be impracticable properly to try. *Robinson* v. *Fitchburg & Worcester Railroad*, 7 Gray, 92. *Maguire* v. *Middlesex Railroad*, 115 Mass. 239. *Hatt* v. *Nay*, 144 Mass. 186. See also *Miller* v. *Curtis*, 158 Mass. 127; *Frazier* v. *Pennsylvania Railroad*, 38 Penn. St. 104; *Baulec* v. *New York & Harlem Railroad*, 59 N. Y. 356; *Hilts* v. *Chicago & Grand Trunk Railway*, 55 Mich. 437. In *Hatt* v. *Nay*, *ubi supra*, the principle was applied to a case almost identical with this, where the plaintiff sought to show specific acts of carelessness on the part of the defendant's foreman while engaged on the same job before the accident. If such evidence is not competent on a charge of negligently continuing an incompetent servant in one's employment, it is not competent on a charge of setting one at work in a place rendered unsafe by reason of exposure to negligent acts of an incompetent servant. The ruling on this part of the case was correct.

The presiding justice instructed the jury, at the request of the plaintiff, that, if the defendants' superintendent set the plaintiff at work in a place known by the superintendent to be dangerous without warning him of the danger, that would constitute such negligence as would enable the plaintiff to recover if he was in the exercise of due care. To this he added a qualification, "that, if the danger was an obvious one or one which the plaintiff knew and could see just as well as the men themselves, and it was not concealed, was not hidden, but was something that was incidental to this kind of work, and might naturally happen in working elevators, then it is a risk or hazard which he voluntarily assumed." The plaintiff excepted to the giving of this qualification. We see no just ground for criticising this part of the charge. It was in accordance with statements of the law which have been made in many cases. *Foley* v. *Pettee Machine Works*, 149 Mass. 294. *Boyle* v. *New York & New England Railroad*, 151 Mass. 102. *Anderson* v. *Clark*, 155 Mass. 368.

*Exceptions overruled.*