THOMAS M'CHARLES, Respondent, v. HORN SILVER
   MINING & SMELTING COMPANY, a Corpora-
   tion, Appellant.

1. Master and Servant.—Action Against Master for Injuries
   to Servant.—Negligence of Fellow Servant.—In an action
   by a servant against his master for personal injuries caused
   by the negligence of a fellow servant, the burden of proof is
   on the plaintiff either to show that the master is guilty of
   negligence in employing the fellow servant, or to show that
   the fellow servant's conduct had become so grossly careless
   during the employment that the master was negligent in not
   acquiring knowledge thereof and discharging him.

2. Id.—Id.—Id.—Contributory Negligence.—The fact that the
   servant prior to the accident knew that the fellow servant was
   careless and reckless, but never made any complaint thereof to
   the master or to any one, but continued to expose himself to
   the dangers arising from such recklessness and carelessness,
   precludes recovery by the servant.

(No. 505.   Decided August 31, 1894.   37 P. R. 733.)

Appeal from the District Court of the Second Judicial
District, Hon. George W. Bartch, *Judge.*

Action by Thomas McCharles against the Horn Silver
Mining & Smelting Company, a corporation, to recover
damages for personal injuries.   From a judgment for
plaintiff, defendant appeals.   *Reversed.*

*Mr. Barlow Ferguson* and *Mr. W. H. Dickson,* for
appellant.

*Mr. O. W. Powers, Mr. Ogden Hiles* and *Mr. D. N.
Straup,* for respondent.

The issue tendered by defendant is that if plaintiff sustained any injury it was entirely through his own negligence and the negligence of his fellow servants.    This is an allegation of contributory negligence, and in this jurisdiction the burden to establish it is upon the defendant. It is an affirmative defense.   *Anderson* v. *Depot Co.*, 8 Utah, 131; *Bowers* v. *U. P. Rwy. Co.*, 4 Utah, 215; *Robinson* v. *U. P. Rwy.*, 48 Cal. 409; *McQuillen* v. *C. P. Rwy.*, 50 Cal. 7; *McDougall* v. *C. P. Rwy*, 63 Cal. 431; 4 Am. & Eng. Enc. 91, and cases cited; *Hough* v. *Ry. Co.*, 100 U. S. 213; *Rwy. Co.* v. *Ross*, 112 U. S. 377.   The evidence of previous acts of negligence was proper in order to show culpable negligence on the part of the corporation in the employment of its servants, and it may be shown that such employés have been guilty of specific acts of carelessness, unskillfulness and incompetency, and that such acts were known to the officers of the company prior to the employment of such servants or that they had been retained in the service after notice of such acts.   16 Am. & Eng. Enc. 457; *Wentworth* v. *Smith*, 44 N. H. 419; *Parkinson* v. *Nashua Ry. Co.*, 61 N. H. 416; *Pittsburg & Co. Ry. Co.* v. *Ruby*, 38 Ind. 318; S. C. 10 Am. Rep. 111; *Delphi* v. *Lowry*, 74 Ind. 525; *Louisville R. Co.* v. *Collins*, 2 Duv. (Ky.), 114; *Vicksburg R. Co.* v. *Patton*, 31 Miss. 156; S. C. 66 Am. Dec. 552-554; *Baltimore* v. *Neal*, 65 Md. 438, 453; *Ford* v. *Parker*, 4 Ohio St. 576; Wharton on Neg. §§ 42, 169, 238; 91 U. S. 470.   The damages were not excessive.   See: *Robinson* v. *W. P. R. R.*, 48 Cal. 409; *Solen* v. *T. R. R.*, 13 Nev. 1; *Osborne* v. *City Detroit*, 32 Fed. Rep. 36; *L. N. & T. Co.* v. *Thompson*, 64 Miss. 584; *Rockwell* v. *Third Av. R. R. Co.*, 64 Barb. 439; *Smith* v. *Whittier*, 30 Pac. Rep. (Cal.) 529.   The whole argument of the appellant is based upon the theory that this court will review the facts upon which the jury passed.   The fact that it will not is too well settled to require the citation of authorities.   Besides under

article 7, § 1, of the amendments to the constitution of the United States, this court has no power to re-examine any fact tried by a jury.    Under the rulings in *Armstrong* v. *Rwy. Co.*, 8 Utah, 422, Slater and plaintiff were not fellow servants.

Merritt, C. J.:

In this action the plaintiff brought suit against the Horn Silver Mining & Smelting Company, a corporation, defendant, to recover damages for an injury sustained by the plaintiff while in the employ of the defendant corporation.    The grounds on which the plaintiff relied for a recovery, as stated in his complaint, were that the injuries were due to the negligence and incompetency of the defendant company's engineer in charge, at the time of the accident, of the defendant's hoisting apparatus, and that the defendant company was guilty of negligence in employing said engineer in the first instance, he being, as alleged in the complaint, incompetent, unskillful, negligent, and careless, and that defendant company, was also guilty of negligence in retaining such engineer in its employment, well knowing he was unfit and incompetent for such employment.    The defendant answered the complaint, specifically denying all its material allegations, and alleging contributory negligence on the part of the plaintiff. A trial was had in the lower court, which resulted in a verdict and judgment in favor of the plaintiff for $10,000. In due time the defendant submitted a motion for a new trial, which was denied, and this appeal is prosecuted from said judgment and the order denying said motion.

In support of the appeal, numerous alleged errors occurring at the trial, and excepted to by the defendant, are assigned, as well as the insufficiency of the evidence to justify the verdict.    We do not deem it necessary to consider the alleged errors occurring at the trial, for we

are clearly of the opinion that the evidence is entirely insufficient to sustain the verdict. In the first place, we are by no means satisfied from the evidence that the accident resulting in the injuries complained of was due to any negligence or incompetency 'on the part of the engineer. But, passing this point, the record discloses that there was no attempt whatever upon the trial of the cause, to show that the defendant company was guilty of any want of care or diligence in its original employment of this engineer, or that he was not in fact, at the time of his employment, a thoroughly competent and suitable person to be intrusted with the duties of an engineer. In such case, the law presumes that the employer exercised due care in the employment of the servant whose negligence is complained of. If thereafter, and during the course of the employment by defendant, this engineer became incompetent, careless, or so inattentive to his duties as to render him an unsuitable person to be retained in such employment, the burden was on the plaintiff to show this fact, and further to show that the defendant company either had actual notice of such subsequently acquired habits of carelessness or inattention, or that subsequent incompetency, carelessness, or inattention on the part of its servant was so marked or notorious that knowledge thereof would have come to the defendant, had it given proper attention to its duty. Wood, Mast. & Serv. § 433; *Railroad Co.* v. *Baugh,* 149 U. S. 369, 385, 386, 13 Sup. Ct. 914.

It is useless to multiply authorities in support of a rule so well established as this, and an inspection of the record discloses that the plaintiff utterly failed to meet the requirements of this rule. There is no evidence tending to show that any of the officers or agents of the defendant company had actual notice or knowledge of any act of carelessness, or of any act tending to show incompetency,

on the part of the engineer, during the whole course of his employment by the defendant, which had extended over a period of over five years prior to the time of the accident complained of. There is no evidence tending to show that the engineer had acquired a reputation, among his co-employés or elsewhere, for incompetency or carelessness. Nor is there any evidence of any act of carelessness or inattention on his part, happening under such circumstances as to make it reasonable to assume that any officer or agent of the defendant company would have had knowledge thereof, had such officer or agent been diligent and attentive to his duties.

The plaintiff testified that prior to the accident in question he knew that this engineer was careless and reckless, and he further testified that he never made any complaint thereof to any agent or officer of the defendant company, or in fact to any one, but continued to expose himself to the dangers arising from such alleged recklessness and carelessness. This alone precludes recovery by the plaintiff. Wood, Mast. & Serv. § 432; *Davis* v. *Railroad Co.*, 20 Mich. 105; *Hatt* v. *Ney*, 144 Mass. 186; 10 N. E. 807. The court below so instructed the jury. In the light of the evidence it is manifest that the jury disregarded the instructions; otherwise, the verdict must have been for the defendant, on the plaintiff's own showing. Judgment and order denying the motion for a new trial reversed, and the cause remanded for a new trial.

Smith, J., concurs.