### HARRIMAN v. PULLMAN PALACE-CAR CO.[1]

(Circuit Court of Appeals, Eighth Circuit. February 7, 1898.)

No. 875.

1. ACTION FOR NEGLIGENCE OF SERVANT—EVIDENCE OF REPUTATION AND GENERAL CONDUCT.
   In an action for injury caused by the careless act of a servant, where incompetence is not charged, evidence that the servant is a person of good repute, or that he had always theretofore displayed the requisite skill and care, is not competent.

2. GENERAL CONDUCT OF SERVANT—CHALLENGE BY PLAINTIFF.
   Testimony of a single witness for plaintiff that, shortly before the accident, she had noticed the servant doing his work. and that he did not seem to be in a pleasant state of mind, but worked quick, and "jerked himself about like a boy who did not like to do his chores," does not justify the introduction of evidence of the general conduct of such servant.

In Error to the Circuit Court of the United States for the Western District of Missouri.

[1] Rehearing pending.

John W. Beebe for plaintiff in error.

Samuel W. Moore (Gardiner Lathrop, Thomas R. Morrow, and John M. Fox, on the brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges.

THAYER, Circuit Judge. This action was brought by Maggie M. Harriman, the plaintiff in error, against the Pullman Palace-Car Company, the defendant in error, to recover damages which she claimed to have sustained while a passenger on one of the defendant's sleeping cars, by reason of the carelessness of the porter who had charge of the car. Her complaint was, in substance, and some evidence was offered which tended to show, that, while she was sitting in the berth or seat to which she had been assigned in the car, she was struck a severe blow on the back of her head by a movable partition between the berths, which was at the time being handled by the porter in the discharge of his customary duties, and that the blow was solely attributable to the careless manner in which it was handled.

The sole question for consideration on the present record is whether prejudicial error was committed by the trial court in permitting the defendant company to introduce testimony tending to show that the porter, through whose fault the injury complained of was alleged to have been sustained, was usually careful, competent, courteous, and attentive. Such testimony was admitted during the progress of the trial, over the plaintiff's objection, and to its admission counsel for the plaintiff duly excepted. The rule is well established by many authorities that an employer, when sued by one who has sustained an injury in consequence of a particular negligent act on the part of his servant, is not at liberty to disprove the charge by evidence tending to show that the servant was a person of general good repute, who, in the discharge of his duties, had always theretofore displayed the requisite skill and caution, because such evidence is not relevant to the issue, and is only admissible in those cases where the master is accused of having knowingly employed an incompetent servant. Persons sometimes fail to exercise ordinary care, although as a rule they are careful, and for this reason proof that one is generally prudent and cautious has no necessary tendency to show that on a particular occasion he was not negligent. Besides, the practice of establishing the quality of one's act in a given instance by his conduct at other times, or by his general line of conduct, would have an inevitable tendency to create collateral issues. When, therefore, a complaint does not charge incompetency, but simply alleges that an employé acted carelessly on a given occasion, the proof should be confined to his acts on that occasion, and should not embrace an inquiry concerning his conduct on other occasions, or his general conduct, which is a subject in no wise involved in the issue. Thompson v. Bowie, 4 Wall. 463; McDonald v. Inhabitants, 110 Mass. 49; Towle v. Improvement Co., 98 Cal. 342, 33 Pac. 207; Adams v. Railway Co. (Iowa) 61 N. W. 1059; Connors v. Morton, 160 Mass. 333, 335, 35 N. E. 860; 2 Thomp. Neg. p. 804; Deer. Neg. § 5407; Jones, Ev. § 162.

Counsel for the defendant do not appear to question the rule of evidence last stated, nor its applicability to the case in hand. They seek

to justify the admission of the evidence, however, on the ground that the plaintiff herself had challenged the general habits of the porter for caution and urbanity, and, by so doing, had made that one of the relevant issues in the case. We do not find, however, that this contention is supported by the evidence. The claim is based entirely on the ground that, in the course of the trial, one witness for the plaintiff testified, in substance, that, shortly prior to the injuries complained of, she noticed the porter doing his work, and that he did not seem to be in a pleasant frame of mind, but worked quick, and "jerked himself about like a boy who did not want to do his chores." It is no doubt true that the defendant company was entitled to rebut this statement of the witness by showing that the porter was not in the frame of mind, and did not act on the occasion in question in the manner, described by the witness; but the evidence was not of such character as to make testimony touching the general conduct of the porter either relevant or competent. We are satisfied that the evidence complained of was improperly admitted, the same not being relevant to the issue involved in the case; and, as it may have been prejudicial to the plaintiff, the judgment will be reversed, and the cause remanded for a new trial.