(December 3, 1909.)

## ARTHUR GOURE, Appellant, v. CHARLES STOREY et al., Respondents.

[105 Pac. 794.]

MASTER AND SERVANT—ALLEGATIONS OF COMPLAINT—DEMURRER—CON-
TRIBUTORY NEGLIGENCE—DANGEROUS APPLIANCES—INJURIES· TO EM-
PLOYEE—ASSUMPTION OF RISK.

1. *Held,* under the allegations of the complaint, that the ropes, pulleys and wheelbarrow referred to in the complaint were not defective either in construction or in the manner in which they were being operated, and that whatever risk there was in operating the same was assumed by the plaintiff.

2. The rule in this state that contributory negligence is a defense to be plead and proven by the defendant does not change the rule that plaintiff cannot recover where the allegations of the complaint show that his own negligence was the proximate cause of the injury.

3. Contributory negligence may be a question of· both law and fact or a question of law or of fact alone. Where it is a question of fact, it must be submitted to a jury and proven as a defense; but where it appears on the face of the complaint, it becomes one of law and may be taken advantage of by demurrer.

4. Where it appears from the allegations of the complaint that the appliances used by the workman were of simple construction and easily understood by the inexperienced, and the using of such appliances was not negligence *per se* on the part of the defendants, if the plaintiff continues to work therewith for a month prior to the accident, it would be contributory negligence on his part and prevent a recovery for injuries sustained.

5. Under the facts of this case, the plaintiff assumed all ordinary risks incident to the work in which he was engaged, and this included all risks that were obvious and patent, as the machinery used was of the most simple kind and easily understood by one of ordinary understanding.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

Action to recover for personal injuries alleged to have been sustained by reason of defective appliances in machin-

ery. Demurrer to the complaint sustained and judgment of dismissal entered. *Affirmed.*

Hawley, Puckett & Hawley, for Appellant.

Contributory negligence is a defense only when pleaded and proven. (*Adams v. Bunker Hill & S. Co.,* 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844.) The master must furnish appliances which are reasonably safe and proper. This is a duty the omission or faulty compliance with which constitutes negligence. (*Crawford v. Lumber Co.,* 12 Ida. 678, 87 Pac. 998; *Barrow v. Lewis Lumber Co.,* 14 Ida. 698, 95 Pac. 682; *Allen v. Lumber Co.* (Or.), 96 Pac. 1109; *Stephens v. Elliott,* 36 Mont. 92, 92 Pac. 45; *Burns v. Delaware etc. Co.,* 70 N. J. L. 745, 59 Atl. 220, 592, 67 L. R. A. 956; *Bird v. Utica etc. Co.,* 2 Cal. App. 674, 84 Pac. 256; *Galveston H. & S. A. Ry. Co. v. Smith* (Tex. Civ. App.), 93 S. W. 184; *Millen v. Pacific Bridge Co.,* 51 Or. 538, 95 Pac. 199; *Johnson v. Motor Shingle Co.,* 50 Wash. 154, 96 Pac. 962.)

It is also the master's duty to use improved appliances in general use. (*Stewart v. Van Deventer Carpet Co.,* 138 N. C. 60, 50 S. E. 562; *Boop v. Lumber Co.,* 212 Pa. 523, 61 Atl. 1021; *Pressly v. Dover Yarn Mill,* 138 N. C. 410, 51 S. E. 69.) No matter how obvious or apparent a risk may be, it is not necessarily assumed. The determinative question is as to the realization by the servant of the risk and his *appreciation* of the danger which arises from the defective, unsafe or unfit appliance. (Wood on Master and Servant, sec. 349; *Barrows v. Lumber Co., supra; Goggin v. Co.,* 115 Cal. 437, 47 Pac. 248; *Nofsinger v. Goldman,* 122 Cal. 609, 55 Pac. 425; *Lee v. Southern Pacific R. Co.,* 101 Cal. 118, 35 Pac. 572; *Shoemaker v. Bryant Lumber Co.,* 27 Wash. 637, 68 Pac. 380; *Tuckett v. Laundry,* 30 Utah, 273, 116 Am. St. 832, 84 Pac. 500, 4 L. R. A., N. S., 990; *Millen v. Pac. Bridge Co.,* 51 Or. 538, 95 Pac. 196; 6 Current Law, 570.)

Whenever a statement of facts may be looked upon from two or more standpoints, the question for determining which side of the facts is true rests solely with the jury. (*Pilmer v. Traction Co.,* 14 Ida. 341, 125 Am. St. 161, 94 Pac. 432,

15 L. R. A., N. S., 254; *Wheeler v. Oregon R. N. Co.* 16 Ida. 375, 102 Pac. 347.)    Whether or not the risk was assumed is ordinarily a question for the jury.    (*Gage v. Lumber Co.*, 53 Wash. 108, 101 Pac. 501; *Millen v. Pac. Bridge Co., supra;* 34 Cent. Dig., "Master and Servant," 1068, 1088; 10 Current Law, 758.)

"The employee is not usually in a condition to abandon his employment, for the reason that out of employment often means out of bread and meat for his family, and he will take unusual and hazardous risks to keep his place, and no employer ought to put him to the choice of peril or loss of employment."    (*Harrison v. D. & R. G. R. Co.*, 7 Utah, 523, 27 Pac. 728.)

Martin & Martin, for Respondents.

Contributory negligence may be a question of both law and fact, or one entirely of law.    Where it becomes a question of fact, of course, it would have to be submitted to a jury, and would have to be proven as a defense, but where the contributory negligence appears on the face of the complaint, it becomes one entirely of law, and can be taken advantage of by demurrer.    (*Wheeler v. O. R. & N. Co.*, 16 Ida. 375, 102 Pac. 347.)

What the servant may lawfully do, without negligence, the master may lawfully hire him to do, without negligence.    The master cannot be bound to take greater care of the servant than the servant can of himself.    It cannot be negligence on the part of the one and not on the part of the other, where both are capable of understanding the danger and both are fully informed as to all of the facts.    (*Rush v. Mo. Pac. Ry. Co.*, 36 Kan. 129, 12 Pac. 585; *Riverside Iron Works Co. v. Green*, 79 Kan. 588, 100 Pac. 482; *A. T. & S. F. Ry. Co. v. Stone*, 77 Kan. 642, 95 Pac. 1049; *Kansas City M. & O. Ry. Co. v. Loosley*, 76 Kan. 103, 90 Pac. 990; *Consolidated Stone Co. v. Redmon*, 23 Ind. App. 319, 55 N. E. 454.)

Risks arising from the character of the instrumentalities used are assumed by the employee.    (1 Labatt on Master and Servant, sec. 263.)    The plaintiff assumes all ordinary

risks incident to the work in which he is engaged, and this includes all risks that are obvious and patent or that ought to be open and obvious to one of ordinary understanding. (*Minty v. Union Pac. Ry. Co.*, 2 Ida. 479, 21 Pac. 660; *Drake v. Union Pacific Ry. Co.*, 2 Ida. 487, 21 Pac. 560; *Zienke v. Northern Pac. Ry. Co.*, 8 Ida. 54, 66 Pac. 828; *Brunell v. So. Pac. Ry. Co.*, 34 Or. 256, 56 Pac. 129; 1 Labatt, Master and Servant, 591; *Nugent v. Elevated R. Co.*, 64 App. Div. 341, 72 N. Y. Supp. 67; *Williams v. Delaware etc. R. Co.*, 116 N. Y. 628, 22 N. E. 1117; *Connors v. Morton*, 160 Mass. 333, 35 N. E. 860; *Feely v. Cordage Co.*, 161 Mass. 426, 37 N. E. 368; *Salem etc. Stone Co. v. Hobbs*, 11 Ind. App. 27, 38 N. E. 538; *Lindvall v. Wood*, 44 Fed. 855; *Bohn v. Chicago etc. Ry. Co.*, 106 Mo. 429, 17 S. W. 580; *Atchison etc. Ry. Co. v. Schroeder*, 47 Kan. 315, 27 Pac. 965; *Olson v. McMullen*, 34 Minn. 94, 24 N. W. 318.)

A servant is bound to take notice of the ordinary operation of familiar laws of gravitation and to govern himself accordingly. If he fails to do so, the risk is his own. If the instrumentalities furnished by the master for the performance of the servant's duties are defective and the servant is aware of this, though not aware of the degree of defectiveness, he is bound to use his eyes to see that which is open and apparent to any person using his eyes, and if he fails to do so, he cannot charge the consequences upon his master. (*Walsh v. St. Paul & Duluth R. Co.*, 27 Minn. 367, 8 N. W. 145; *Weeklund v. Southern Or. Co.*, 20 Or. 591, 27 Pac. 260; *Malone v. Hawley*, 46 Cal. 409; *Gillaspie v. United Iron Works*, 76 Kan. 70, 90 Pac. 760; *Wichita & W. Ry. Co. v. Kennedy*, 8 Kan. App. 541, 54 Pac. 289; *Narramore v. Cleveland etc. Ry. Co.*, 96 Fed. 298, 27 C. C. A. 499, 48 L. R. A. 68; *Foley v. Electric Light Co.*, 54 N. J. L. 411, 24 Atl. 488; *Thayer v. St. Louis etc. R. Co.*, 22 Ind. 26, 85 Am. Dec. 409; *Hayden v. Smithville*, 29 Conn. 548; *Sykes v. Packer*, 99 Pa. 465; *Electric Light Co. v. Murphy*, 115 Ind. 566, 18 N. E. 30; *Morbach v. Home Mining Co.*, 53 Kan. 731, 37 Pac. 122; *Rush v. Missouri Pac. R. Co.*, 36 Kan. 129, 12 Pac. 582.)

The master is under no obligation to use the best appliances, but only such as are reasonably safe and suitable, and such as are ordinarily used for the purpose for which they are being used. The employer does not become an insurer of the employee against injury, nor does he covenant to supply tools and appliances that are safe, beyond any peradventure of contingency. (*Hickey v. Taaffe*, 105 N. Y. 26, 12 N. E. 286; *Forquer v. Slater Brick Co.*, 37 Mont. 426, 97 Pac. 843, and cases cited; *Fritz v. Salt Lake & O. G. & E. L. Co.*, 18 Utah, 493, 56 Pac. 90-92; 1 Labatt, Master and Servant, p. 51; *Conway v. Hannibal etc.*, 24 Mo. App. 235; *Burke v. Witherbee*, 98 N. Y. 562; *Armour v. Hahn*, 111 U. S. 315, 4 Sup. Ct. 433, 28 L. ed. 440; *Nutt v. So. Pac. R. Co.*, 25 Or. 291, 35 Pac. 653; *Electric Light Co. v. Murphy*, 115 Ind. 566, 18 N. E. 31; *Texas & P. R. Co. v. Thompson*, 70 Fed. 944, 71 Fed. 531, 17 C. C. A. 524; *Burke v. Witherbee*, 98 N. Y. 562; *Payne v. Reese*, 100 Pa. 301; *Powers v. New York etc. R. Co.*, 98 N. Y. 274; *Lake Shore etc. R. Co. v. McCormick*, 74 Ind. 440; *Hickey v. Taaffee*, 105 N. Y. 26, 12 N. E. 286; *Stringham v. Hilton*, 111 N. Y. 188, 18 N. E. 870, 1 L. R. A. 483; *Kern v. De Castro etc. Co.*, 125 N. Y. 50, 25 N. E. 1071; *Harley v. Buffalo Car Mfg. Co.*, 142 N. Y. 31, 36 N. E. 813; *Leonard v. Collins*, 70 N. Y. 90; *Riceman v. Havemeyer*, 84 N. Y. 647; *Clark v. Barnes*, 37 Hun, 389; White, Com. on the Law of Negligence, secs. 391-393.) Where it appears that the injury resulted from a pure accident, there can be no recovery. (1 Labatt, Master and Servant, p. 303; *Grant v. Union Pac. R. Co.*, 45 Fed. 673; *Melville v. Missouri River, F. S. & G. R. Co.*, 48 Fed. 820.) "The doctrine that a servant has a right to assume that his master has furnished him a safe place in which to work does not apply where dangers are apparent." (*Jennings v. Tacoma R. & Motor Co.*, 7 Wash. 275, 34 Pac. 937; *Mugford v. Atl. G. & P. Co.*, 7 Cal. App. 672, 95 Pac. 674; *Bethlehem Iron Co. v. Weiss*, 100 Fed. 45, 40 C. C. A. 270.)

SULLIVAN, C. J.—This action was commenced to recover damages for personal injuries alleged to have been sustained

by reason of the failure of defendants, who are respondents here, to furnish proper appliances for handling stone used in the construction of a certain building in Boise City. A demurrer was filed to the complaint, setting out specifically twenty-five alleged reasons why the complaint did not state a cause of action, which demurrer was sustained by the court. The plaintiff refusing to plead further, judgment of dismissal was entered against him. The appeal is from that judgment.

After alleging that the defendants are contractors, it is alleged that on September 27, 1907, and for a long time prior thereto, the defendants, as contractors, had a contract for the stone and brick work in the construction and erection of the Odd Fellows building in Boise City; that on that date, "and for a month prior thereto," the plaintiff was in the employ of the defendants as a common laborer, working upon said structure and building under the order of said defendants and their agents; that said defendants were obliged to hoist and raise stone for building material from the ground floor of said structure to the second story thereof, to be from there taken and placed in the outside walls of said building; that it became necessary for them to have and maintain hoists, elevator, trucks and other appliances, and it was the duty of the defendants to maintain such appliances, etc., in a reasonably fit, safe and proper condition for such work; that they neglected, failed and omitted to perform said duty and did not have such appliances, etc., that were reasonably safe, proper and suitable for that work, but, on the contrary, furnished and maintained appliances for hoisting said stone which were dangerous, unsafe and unfit for such purpose; that said appliances consisted merely of a rope extending from the ground floor to a pulley fastened to a joist or timber above the second floor and running through said pulley down to a pulley upon the said ground floor, through which pulley it passed, and was attached to an appliance on said ground floor, used in connection with horse-power for raising said rope and hoisting said stone; the method and means of utilization of said appliance was by fastening and securing the said end of said rope to the stone to be lifted, whereupon by

means of said horse-power said rope was pulled down through said pulleys, raising said stone from the ground floor through a stairway shaft to the second floor, and from there pulled and lowered to a wheelbarrow on said floor; that defendants well knew that said appliance was dangerous, unsafe, unfit and unsuitable, and that the only way in which it could be operated was dangerous and unsafe to the laborers engaged in hoisting said stone, and particularly to the plaintiff; that defendants neglected to furnish the plaintiff with a suitable, safe and proper truck for the purpose of receiving said stone and conveying it to the place of intended use, but, on the contrary, did furnish a wheelbarrow which was unsuited, unfit and dangerous to be used for said purpose, in that it had but one wheel and that one of such large diameter that the said wheelbarrow easily became overbalanced and was dangerous, unfit, unsuitable and unsafe for use in handling said stone; that on said date, the defendants directed the plaintiff to operate said appliances and wheelbarrow and to convey the stone to the place of intended use in said building; that the plaintiff was a young man with no previous experience in working in and about the construction of such buildings, and was particularly ignorant and uninformed as to the safe, proper and fit way of handling said stone, plaintiff having never worked in any building or in any business, trade or occupation in which he had or should have had knowledge or information as to the proper, safe or fit ways, methods, appliances, and apparatus for hoisting stone to be used in the construction of buildings, and that plaintiff did in good faith obey the instructions and directions of said defendants, and did attempt to secure a stone raised by said apparatus and appliance from the ground floor to a point a few feet above the second floor, and did attempt to comply with the instructions of the defendants to place said stone in said wheelbarrow, and while so attempting and using all due care and caution, and without any negligence whatever upon his part, but due solely to the omission, negligence and failure of defendants, the said wheelbarrow did suddenly and unexpectedly tip and become unbalanced, and the handles thereof violently

and suddenly did strike plaintiff, throwing him downward through said stairway shaft, a distance of about nineteen feet to the ground floor where the plaintiff fell upon said floor violently, striking the right side of his head upon a pile of lumber, thereby greatly and permanently injuring his brain and head and causing the said brain to fail in its natural functions, and become so injured and diseased that ever since plaintiff has been unable to properly use or control the movements of his right side, and particularly of his right arm and leg, and has become permanently paralyzed therefrom, and prays for damages for $15,000.

The question raised by the demurrer is whether the complaint states facts sufficient to constitute a cause of action. The argument contained in the brief upon this question groups itself around two principal heads, to wit: Contributory negligence and assumption of risk, and largely upon the question as to whether or not the complaint on its face alleges such a state of facts that the only conclusion that can be drawn therefrom is that whatever risk there was appertaining to such employment was assumed by the plaintiff.

The allegations of the complaint show that the plaintiff was working at the top of an open hole or shaft through which the material was drawn onto the second floor of the building. There is no allegation that the place where he was working and the platform upon which he was standing and performing his work was not reasonably safe and secure, or that the ropes and pulleys and other appliances were not reasonably safe and secure. The main complaint is centered on the wheelbarrow that was used in conveying stone from the hoist to the place of intended use. It appears from the allegations that the wheelbarrow was of the usual kind of such implement and had only one wheel, and it does not appear that there was any defect either in its construction or the manner in which it was being operated. It is not alleged that there was any defect in the ropes or pulleys by which the stones were elevated. There is no allegation that the plaintiff was required to stand or that it was necessary for him to stand

in such a place that if the wheelbarrow tipped over it would necessarily throw him down the open shaft.

Under the decisions of this court and the statute, sec. 4221, Rev. Codes, contributory negligence is a defense to be pleaded and proven by the defendant. (*Hopkins v. Utah Northern Ry. Co.*, 2 Ida. 300, 13 Pac. 343; *Adams v. Bunker Hill & Sullivan Min. Co.*, 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Crawford v. Bonner's Ferry L. Co.*, 12 Ida. 678, 87 Pac. 998.) While that is the law in this state, it does not alter the rule that where the complaint itself shows that the negligence of the plaintiff was one of the contributing causes of the injury or the proximate cause of the injury, plaintiff cannot recover. In *Wheeler v. Oregon R. & N. Co.*, 16 Ida. 375, 102 Pac. 347, this court held that contributory negligence may be a question of law or fact alone or one of both law and fact; that where it becomes a question of fact, it must be submitted to the jury and proven as a defense, but where contributory negligence appears on the face of the complaint, it becomes one of law and may be taken advantage of by demurrer. With that rule in view, we will examine the allegations of the complaint.

The negligence complained of is that the ropes and pulleys used for hoisting and the wheelbarrow upon which the stone was loaded and wheeled away were not of the character of appliances that should have been used, and that defendants were negligent because they did not furnish a different kind of appliances. It is not claimed that there was any particular defect, latent or otherwise, in these appliances; they were not in any manner complicated pieces of machinery. There is no allegation that they were defective in any of their parts, but the main cause of complaint seems to be directed at the wheelbarrow, and the allegation is that it was not a fit implement or machine for the purpose of receiving the rock hoisted by said pulleys and ropes, but that some other machine or implement would have been better and safer for that purpose.

It is clear from the allegations that all of those appliances and the wheelbarrow were of simple construction and easily

understood by mere casual observation by the most inexperienced workman, and that if the using of that kind of appliances was negligence *per se* on the part of defendants, as plaintiff claims it was, then for the plaintiff to continue work with those appliances for a month, during which time the complaint shows he was at work with them, was contributory negligence on his part, and under well-recognized rules of law prevents a recovery, as he assumed the risk.

In *Rush v. Mo. Pac. Ry. Co.,* 36 Kan. 129, 12 Pac. 582, the court said:

"Now, in such cases, an employer should certainly have the privilege of adopting the way or the plan which might seem best to him, and if, after adopting a plan, he should inform his employee as to which of the plans he had adopted or if the employee should obtain knowledge as to which of the plans had been adopted, without being expressly so informed, it could hardly be said that the employer was guilty of any culpable negligence as toward his employee, although it might be that the plan not adopted was the safer and the better plan. . . . . In all cases the continuance on the part of the servant in the master's employment, with full knowledge of the danger, is either negligence or it is not negligence. If it is negligence and injury results, then no recovery can be had because of the culpable contributory negligence of the servant; but if it is not negligence on the part of the servant, then neither can it be negligence on the part of the master. What the servant may lawfully do, without negligence, the master may lawfully hire him to do, without negligence. The master cannot be bound to take greater care of the servant than the servant can of himself. If the danger is such that an ordinarily prudent man could assume it without being guilty of negligence, then same facts and the same reasoning which would show this would also show that there could not be any culpable negligence or any breach of duty on the part of another person for hiring him to assume it. There cannot be negligence on the part of the one and not on the part of the other, where both are capable of understanding the danger and both are fully informed as to all of the facts."

As bearing on this question, see, also, *Riverside Iron Works Co. v. Green,* 79 Kan. 588, 100 Pac. 482; *Atchison T. & S. F. Ry. Co. v. Stone,* 77 Kan. 642, 95 Pac. 1049; *Kansas City M. & O. Ry. Co. v. Loosley,* 76 Kan. 103, 90 Pac. 990; *Consolidated Stone Co. v. Redmon,* 23 Ind. App. 319, 55 N. E. 454.

There is no allegation in the complaint to the effect that the appliances used were not of the ordinary kind nor such as were ordinarily used in buildings of the character of the one there being constructed. The allegations of the complaint show very clearly that whatever risk there might have been attached to the employment in which the plaintiff was engaged, was only such risk as was incident to such employment and was open, obvious and easily understood and was known to the plaintiff, or should have been known to him by the exercise of ordinary care and by the use of his ordinary faculties. However, it is alleged that the plaintiff was inexperienced in this class of work; but it is alleged that he had been engaged in that work for at least a month. The implement which immediately caused the injury was a wheelbarrow on which he had been wheeling stone for a month. It appears that in loading the wheelbarrow he stood between the handles, and he certainly knew that if the wheelbarrow tipped the handles would strike him, and that if they did strike him, he would in all probability be knocked down through the shaft. Had he stood in front of the wheelbarrow or at the side the handles would not have struck him when the wheelbarrow tipped. In 1 Labatt on Master and Servant, sec. 263, the author says:

"The recognition of the right of an employer to carry on his business in his own way, and to adopt any pattern or description of instrumentalities which he may prefer, involves the consequence that any risk which is due merely to the character of an instrumentality, and not to its abnormal condition or intrinsically defective quality, is to be deemed an ordinary risk of the employment."

And in sec. 264 it is stated that risks created by permanent conditions incident to the business and openly conducted are assumed by the employee.

It appears that the plaintiff failed to place the rock properly on the wheelbarrow, but placed it on one side, and it being heavy on that side, tipped and the handles of the wheelbarrow struck him and threw him down the shaft. It certainly took no special skill, knowledge or experience to understand and comprehend that danger of that sort existed in the work that the plaintiff was doing. The plaintiff assumed all ordinary risks incident to the work in which he was engaged, and this included all risks that were obvious and patent or that were open and obvious to one of ordinary understanding. (*Minty v. Union Pac. Ry. Co.,* 2 Ida. 471, 21 Pac. 660; *Drake v. Union Pac. Ry. Co.,* 2 Ida. 487, 21 Pac. 560; *Zienke v. Northern Pac. Ry. Co.,* 8 Ida. 54, 66 Pac. 828; *Brunell v. Southern Pac. Co.,* 34 Or. 256, 56 Pac. 129.) The rule as to the assumption of risk is very clearly laid down in vol. 1 of Labatt on Master and Servant, p. 591. (See, also, *Connors v. Morton,* 160 Mass. 333, 35 N. E. 860.)

It is clear from the allegations of the complaint that whatever risk there was in said employment was assumed by the plaintiff, and that the trial court did not err in sustaining the demurrer and entering the judgment of dismissal. The judgment is affirmed. Costs are awarded to the respondents.

Stewart and Ailshie, JJ., concur.