285 P.2d 479

Floyd SHIRTS and Mrs. Floyd Shirts, Plaintiffs-Appellants,

v.

Preston SHULTZ and Betty Shultz, Defendants-Respondents.

No. 8255.

Supreme Court of Idaho.

June 14, 1955.

Rehearing Denied July 12, 1955.

Stephen Bistline, Sandpoint, for appellants.

Raymond T. Greene, Jr., James E. Hunt, Sandpoint, for respondents.

ANDERSON, Justice.

This action was brought by the parents of a deceased 16-year-old boy under Section 5–310, I.C., which authorizes parents to maintain an action for the injury or death

of a minor child when such injury or death is caused by the wrongful act or neglect of another. The second amended complaint in substance alleges the facts hereinafter stated.

LaVern Shirts, a minor 16 years of age, died May 5, 1953, from injuries sustained the same day, while and during the course of his employment by the defendants; that his death was caused by the wrongful acts or neglect of the defendant Preston Shultz.

The deceased was for his age strong, well and able, and was employed by the defendants to drive a caterpillar-type farm tractor, commencing at 6 p. m. in the evening and lasting until 6 a. m. the following morning.

Defendant Preston Shultz stated to the plaintiffs that he would not work LaVern Shirts on such shifts, for such hours, without adequate supervision.

The plaintiffs thoroughly appreciated the dangers to life and limb attendant to their son in his working such long hours, on night shifts, and conditioned his employment on the assurances of the defendant Preston Shultz that there would at all times be some other and older person working at the same time. It was foreseeable that a boy of the deceased's age, who worked such long and monotonous hours, would fall asleep while driving said tractor, and thereby be greatly injured or killed.

The complaint alleges the defendants did wrongfully and neglectfully work and employ the deceased on May 5, 1953, from 6 p. m. in the evening until his death, without any supervision whatever, and with no other person working or then and there being present, that such actions on the part of the defendants did proximately cause the death of LaVern Shirts; that he fell asleep while driving the tractor, and as a result thereof ran into a drain ditch, overturned and drowned.

The defendants filed a motion to strike certain portions of the second amended complaint, and also filed a general demurrer to the said complaint. The motion was granted, and the demurrer sustained by the trial court without leave to amend, and a judgment of dismissal entered from which this appeal was taken.

■ The first question to consider in this case is whether or not the second amended complaint states a cause of action. The original and first amended complaints are in the transcript, and are discussed in part in the briefs. When the second amended complaint was filed, all former complaints became functus officio. People ex rel. Huston v. Hunt, 1 Idaho 433; Colgrove v. Hayden Lake Irr. Dist., 40 Idaho 489, 235 P. 434; Cable v. Olson, 52 Idaho 389, 15 P.2d 737.

Sec. 44–1304, I.C., provides:

"No person under the age of sixteen years shall be employed or suffered or permitted to work at any gainful occupation more than fifty-four hours in any one week, nor more than nine hours in any one day; nor before the hour

of six o'clock in the morning nor after the hour of nine o'clock in the evening."

The deceased being 16 years of age at the time of the accident did not come under the terms of the above statute, and therefore his employment was not illegal per se. The child labor laws protect minors of the age within the confines of the statute, and not others. Inland Steel Co. v. Yedinak, Inc., 172 Ind. 423, 87 N.E. 229.

It is to be noted that nowhere in the second amended complaint is there any allegation as to how many nights the deceased had worked long hours, if any, nor how long he had worked between 6 p. m. and midnight on May 5, 1953, before the accident which resulted in his death. If he started work at 6 p. m. and was killed the same day, as the complaint alleges, he could not have worked over six hours. In each case cited by appellants in support of their contention that the negligence was the result of long hours, overwork and fatigue, the hours varied from 18 to three days.

In the case of Conkey v. Larsen, 173 Ind. 585, 91 N.E. 163, 165, 29 L.R.A.,N.S., 116, the court stated:

"The vital question, therefore, is: Was the danger to which the plaintiff was exposed, as shown by his complaint, of such a character as was not open and apparent to the observation and apprehension of appellee upon the proper exercise of his faculties assuming that he was giving due care and attention to the work in which he was engaged? The contrary not being averred, it will be presumed that the plaintiff was endowed with all the natural faculties, and that his judgment and powers of reason were developed to the extent usual to one of his age. It is alleged that he was 16 years of age when hurt, and was at the time engaged in the work he was employed to perform; that he had operated the injuring machine at intervals daily since his employment. It is not averred how long he had been so employed and had operated the machine, and, in the absence of such averment, we may presume that his use of the machine had covered a period of time which, if alleged, would at least not have aided his cause of action, under the firmly established rule that a party's pleading is presumed to be as strongly in his favor as the facts will warrant."

In our opinion, the second amended complaint in the case now before us fails to show facts sufficient to state a cause of action for negligence causing deceased's death as the result of too long hours, overwork or fatigue. Nor does it state any cause of action based on contract.

The case of Ford v. Connell, 69 Idaho 183, 204 P.2d 1019, relied on by appellant, is readily distinguishable from the case now before us in that the evidence was conflict-

ing and therefore was a question for the jury to decide as to whether or not the employer directed the employee to drive the tractor over unsafe ground, and was not a question of law.

■■ The simple fact that an injured employee was youthful does not necessarily establish, nor tend to establish, negligence on the part of the employer. 35 Am.Jur. 559, Sec. 130, Master and Servant.

In the absence of statute, an employer is not an insurer and is liable only for negligence. 35 Am.Jur. 549, Sec. 121, Master and Servant.

In this case even if we held the complaint stated a cause of action for negligence we have the further question of contributory negligence, as shown by the complaint. It was recognized in Norfolk & W. R. Co. v. Sollenberger, 110 Va. 606, 66 S.E. 726, 857, that it was contributory negligence for an employee to fall asleep in a position of peril so constant and so imminent as upon a railroad track, even though he had been employed for *48 hours* without sleep and without rest, the crucial question being whether the company knew or had such notice as would put a reasonably prudent man upon the alert to discover his peril and to guard against any injury to him. 175 A.L.R. 1002.

■ While contributory negligence of a child is generally a question for a jury, Bennett v. Deaton, 57 Idaho 752, 68 P.2d 895, nevertheless in cases involving older children, or children not protected by any presumption of incapacity, the courts support the proposition that while the question of contributory negligence ordinarily or usually is one for the jury, it is not necessarily so, and that a child, under proper circumstances, may be declared contributorily negligent as a matter of law. 174 A.L.R. 1164n.

■■ The rule in this state that contributory negligence is a defense to be pleaded and proven by the defendant does not change the rule that plaintiff cannot recover where the allegations of the complaint show that his own negligence was the proximate cause of the injury.

Contributory negligence may be a question of both law and fact or a question of law or of fact alone. Where it is a question of fact, it must be submitted to a jury and proven as a defense; but, where it appears on the face of the complaint, it becomes one of law and may be taken advantage of by demurrer. Goure v. Storey, 17 Idaho 352, 105 P. 794.

■ A general demurrer to a complaint should be sustained where it appears upon the face of the complaint that the plaintiffs or the plaintiffs' decedent was guilty of negligence proximately contributing to the injury. Smith v. Oregon Short Line Railroad Co., 47 Idaho 604, 277 P. 570; Goure v. Storey, 17 Idaho 352, 105 P. 794. A complaint in an action for injuries to an employee, which affirmatively shows con-

tributory negligence or assumption of risk, is demurrable. Bresette v. E. B. & A. L. Stone Co., 162 Cal. 74, 121 P. 312.

In Helgeson v. Powell, 54 Idaho 667, 677, 34 P.2d 957, 961, this court stated:

"'Under Lord Campbell's Act, the original model for all statutes giving a cause of action for so-called death by wrongful act, the act, neglect, or default must have been such as would have entitled the party injured to maintain an action therefor if death had not ensued. * * *

"'"They claim under him, and they can recover only in case he could have recovered damages had he not been killed, but only injured."'"

■ Except where the rule has been changed by statutory enactment the law fixes liability, so it is said, in solido with reference to the cause which stands closest to and in most immediate connection with the injurious result. 35 Am.Jur. 706, Sec. 284, Master and Servant.

The Wyoming court, in Lemos v. Madden, 28 Wyo. 1, 200 P. 791, at page 795, subtitle 9, in discussing remote and proximate causes concluded that "the true test is embodied in Eberhardt v. [Glasgow Mut.] Tel. Ass'n, 91 Kan. 763, 139 P. 416, where the court said:

"'The question of proximate cause is one frequently so near the border line as to cause much perplexity, but, generally speaking, it may be said in this state that the proximate is the producing cause, not the one supplying the condition, but the one producing the injury. The one supplying the condition may be intrinsically careless as to amount practically to a continuing invitation, so to speak, for a direct cause to join in producing the disastrous result. But to be such it must present a condition of danger so manifest that the one responsible must be held to have been negligent in furnishing the means for probable injury. But a condition which could not reasonably be expected to endanger, and which but for some independent cause without which the injury would not have occurred would not have endangered, does not ordinarily amount to a proximate cause.'"

In view of our conclusion that the complaint fails to allege facts sufficient to constitute a cause of action against the defendants, or either of them, we find it unnecessary to pass upon the court's ruling on the motion to strike.

Judgment of dismissal affirmed. Costs to respondent.

TAYLOR, C. J., and PORTER and SMITH, JJ., concur.

KEETON, J., concurs in conclusion reached.